IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAWN FIKE,** | ) | CIVIL ACTION NO. 22-212 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| **KAWNEER COMMERCIAL WINDOWS, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

### I. PRELIMINARY STATEMENT

By this action, Plaintiff, Shawn Fike, seeks lost wages, lost fringe benefits and other benefits of employment, attorney's fees and costs, compensatory and punitive damages because Defendant, Kawneer Commercial Windows , LLC, failed to accommodate his disability, and terminated him because of his disability, which is in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112.

### II. JURISDICTION

1. This Court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States.

2. Venue is proper in this judicial district under 28 U.S.C. § 1367, in that this is a civil action of which this federal district court has original jurisdiction.

1

3.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that this is a civil action in which jurisdiction is not founded solely on diversity of citizenship, and the acts constituting a substantial part of the events and omissions giving rise to the claims occurred in the Western District of Pennsylvania.

4.  On September 12, 2021, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") against the Defendant, alleging disability discrimination.  Plaintiff's Charge was dual-filed with the Pennsylvania Human Rights Commission (hereinafter "PHRC").[1]

5.  On November 17, 2021, the EEOC issued a Notice of Right to Sue to Plaintiff. This Complaint has been filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue, thus making this action timely.

### III.  PARTIES

6.  Plaintiff is Shawn Fike, an adult individual who resides at 315 Second Street, Butler, Pennsylvania, 16001.

7.  Defendant, Kawneer Commercial Windows, LLC (hereinafter "KCW"), is a Pennsylvania corporation located at 201 Isabella Street, Pittsburgh, PA 15212.

8.  At all times relevant to this Complaint, Defendant employed fifteen (15) or more employees.

9.  Defendant KCW is an employer within the definition of ADA.

10.   Plaintiff was an employee of KCW within the definition of the ADA.

---

[1] Once the administrative requirements have been exhausted, Plaintiff intends to amend this Complaint to include two additional counts under the PHRA.

## IV.     STATEMENT OF CLAIM

11.    On or around June 29, 2020, KCW hired Fike.

12.    On or about September 21, 2020, KCW promoted Fike to Head Stretcher.  As the Head Stretcher, Fike's job primarily consisted of stretching metal and associated tasks including but not limited to checking measurements and dimensions, cleaning and associated documentation.

13.    As Head Stretcher, Fike was required to undertake physically tasking work that increased his heart rate and breathing rate.

14.    At all times relevant to this Complaint, Fike typically worked in a large warehouse, approximately 100 meters away from any other individual.

15.    Fike was a dedicated employee who showed diligence and enthusiasm in his work.

16.    In or around January 2020, Fike was diagnosed with pneumonitis. Pneumonitis is a disorder marked by intermittent flare ups of lung tissue inflammation, which causes chest pain, difficulty breathing, and dry cough.

17.    In or around May and June of 2020, when Fike applied for and was hired by KWC he was not experiencing any symptoms of pneumonitis, as it is intermittent.

18.    In or around Summer of 2020, shortly after he was hired, Fike told shift supervisor, Justin Stonick, that he suffers occasionally from pneumonitis.

19.    A common cold and/or other respiratory ailments exacerbate the symptoms of pneumonitis and/or can trigger symptoms.

20.    Fike's pneumonitis substantially limits and affects his ability to breathe.

21. On or around February 18, 2021, Fike took short-term disability leave after experiencing a non-COVID related cough and congestion which exacerbated the symptoms of pneumonitis such that he was unable to work.

22. On or around March 3, 2021, Fike sought emergency medical care for vertigo and atypical chest pain.

23. On or around March 3, 2021, Fike was prescribed an albuterol inhaler, meclizine, and methylprednisolone. The inhaler was prescribed to assist in Fike's respiratory functions.

24. The Emergency Department doctor released Fike to work beginning March 11, 2021.

25. In or around March 2021, due to his difficulty breathing, Fike asked his supervisor Stonick for an accommodation that would allow him to not wear a mask when he was more than six (6) feet away from others. Stonick agreed to the accommodation and told Fike to make sure he wore his mask when around other people.

26. On or around March 15, 2021, Fike was seen by his Primary Care Physician, Dr. Darren MacHak, for difficulty breathing. Fike informed Dr. MacHak that his pneumonitis substantially limited his ability to breath when wearing a mask over his nose and mouth while working.

27. On or around March 15, 2021, Fike provided Defendant's staff nurse, John Snyder, a note from Dr. MacHak stating in relevant part, "Shawn does not need to wear a mask if not working within six feet of another person."

28. Defendant has a policy that requires all employees wear masks while working within six (6) feet of other employees.

29. Throughout Fike's employment with KWC, Fike observed that Defendant did not uniformly enforce its mask policy.

30. Fike observed non-disabled office employees remove their masks while working six (6) feet away from other employees and when inside their offices.

31. Fike observed non-disabled warehouse workers remove their masks while working in the warehouse.

32. On or around March 16, 2021, Fike was told by Snyder and Human Resource Manager Alexandra Douglass that Defendant would not accommodate the March 15, 2021 doctor's note and that Fike must wear a mask while working.

33. On or around March 16, 2021, Fike reiterated that he could not wear a mask while performing his work due to his disability. However, he offered several alternative accommodations including: (a) wearing a mask while entering and leaving the building, during meetings, and at any time he was near other people; and/or (b) wearing his mask over his mouth but not his nose, so that he may breathe while working.

34. On or about March 16, 2021, Defendant denied outright any accommodation to the mask policy without engaging in the interactive process as required by the ADA for Fike's disability.

35. Douglass told Fike to apply for and take short-term disability instead of returning to work.

36. However, Fike did not qualify for short-term disability because he was able to work.

37. On or around March 31, 2021, Fike received a letter from Defendant stating that it considered Fike to have voluntarily resigned from his position.

38. Fike never advised Defendant that he wished to resign from his position.

39. Upon information and belief, non-disabled persons were not disciplined or terminated for failing to follow Defendant's mask policy.

40. Upon information and belief, Fike was replaced by an individual who did not have a disability that impacted their ability to breathe.

41. As a result of Defendant's aforementioned conduct, Plaintiff has suffered a loss of past and future wages and benefits, substantial mental anguish, and emotional distress.

## V.     CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF ADA - TERMINATION

42. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

43. Plaintiff is an individual with a disability because he suffered from an impairment that substantially limited him in major life activities, including breathing.

44. Plaintiff was able to perform the essential functions of his position, with or without reasonable accommodation.

45. Thus, Plaintiff was a qualified individual with a disability.

46. Defendant intentionally and willfully terminated Plaintiff because of his disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112.

47. Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

### COUNT II – VIOLATION OF ADA – FAILURE TO ACCOMMODATE

48. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

49. Plaintiff made a good faith request for an accommodation due to his known disability.

50. Defendant failed to engage in the interactive process.

51. Defendant intentionally failed to accommodate Plaintiff after he made a good faith request for an accommodation to his known disability, which is in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112.

52. Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

(a)     Assume jurisdiction herein;

(b)     Declare Defendant's conduct to be unlawful and an intentional violation of Plaintiff's rights;

(c)     Award Plaintiff wage loss damages, including back pay and front pay, damages associated with the increased tax burden of any award, and lost fringe and other benefits of employment;

(d)     Award Plaintiff compensatory and punitive damages;

(e)     Award Plaintiff pre and post-judgment interest;

(f)     Award Plaintiff costs and attorneys' fees; and

(g)     Grant such other relief as the Court deems just and appropriate.

                              Respectfully Submitted,

                              */s/ Rachel L. McElroy*
                              Rachel L. McElroy, Esq.
                              PA ID No. 321624
                              McElroy Law Firm, LLC
                              100 First Ave. #1010
                              Pittsburgh, PA 15222
                              Phone: 412-620-8735
                              rachel@mcelroylawfirm.com

                              Attorney for Plaintiff